UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :      **PROTECTIVE ORDER**

      - *v.* -                        :      20 Cr. 437 (NRB)

KARIM ELKORANY,                    :

            Defendant.     :

- - - - - - - - - - - - - - - - x

On the motion of the United States of America, by the Acting United States Attorney for the Southern District of New York, Audrey Strauss, by Assistant United States Attorneys Daniel C. Richenthal, Amanda L. Houle, and Lara Pomerantz; and with the consent of the defendant, by and through his counsel; and for good cause shown:

IT IS HEREBY ORDERED THAT:

1.   Discovery material, including that produced pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, *Brady v. Maryland*, and/or *United States v. Giglio*, and their progeny, disclosed or produced by the Government in this action (collectively, "Discovery Material") that (i) contains (a) personally identifiable information, including tax information, account numbers, Social Security numbers, dates of birth, home addresses, names of minors, personal email addresses, and/or personal telephone numbers; (b) information related to medical or mental health issues or evaluation, including that

potentially protected by the Health Insurance Portability and Accountability Act; and/or (ii) was provided to the Government by the United Nations for purposes of this matter and is not otherwise public; and/or (iii) was obtained from electronic devices or accounts belonging to third-parties, may be designated by the Government as "Confidential Information."

2.    Confidential Information disclosed or produced to the defendant or to his counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents or disc containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

a.    shall be used by the defendant, his counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below only for purposes of defending this action;

b.    shall be kept in the sole possession of the defendant, his counsel, or Designated Persons to whom Confidential Information is described or disclosed pursuant to paragraph 2(f) below;

c.    shall be maintained by the defendant, his counsel, and Designated Persons in such a manner as to assure its security and confidentiality;

2

d.    shall not be copied or recorded by the defendant other than for purposes of defending this action and with written notice to his counsel;

e.    shall not be described or disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(f) below;

f.    may only be described or disclosed by the defendant or his counsel to the following persons (hereinafter, collectively, "Designated Persons"):

i.   investigative, legal, secretarial, clerical, or paralegal personnel engaged by, or otherwise acting at the direction of, the defendant's counsel in this action;

ii.  expert witnesses or investigators retained by the defendant or on his behalf in connection with defending this action; or

iii. such other persons as hereafter may be authorized by the Court upon written motion by the defendant, after conferring with the Government; and

g.    shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) securely destroyed together with any and all copies thereof, with the

defendant's counsel verifying in writing to the Government that such destruction has taken place.

3.    Discovery Material that contains (a) names and/or other identifying information or photographs of individuals alleged to have been sexually assaulted and/or drugged by the defendant or with whom the defendant had a romantic or physical relationship; (b) non-public nude, semi-nude, or sexualized photographs; and/or (c) law enforcement sensitive information, including that identifying or describing witnesses or subjects, may be designated by the Government as "Restricted Information."

4.    Restricted Information disclosed or produced to the defendant or to his counsel, whether in paper or electronic form, during the course of proceedings in this action, which will be so identified either by stamping the documents or disc containing such information or in transmittal correspondence or an index accompanying such disclosure or production:

a.    shall be used by the defendant, his counsel, or Designated Persons to whom Restricted Information is described or disclosed pursuant to paragraph 4(d) below only for purposes of defending this action;

b.    shall be kept in the sole possession of the defendant's counsel;

c.    shall be maintained by the defendant's counsel in such a manner as to assure its security and confidentiality;

4

        d.    may only be described or disclosed by the defendant or his counsel to Designated Persons;

        e.    shall not be reviewed by the defendant or Designated Persons outside the presence of the defendant's counsel;

        f.    shall not be maintained, copied, photographed, or otherwise recorded by the defendant or Designated Persons; and

        g.    shall be either (i) returned to the Government following the conclusion of this action, including any appeals, together with any and all copies thereof, or (ii) securely destroyed together with any and all copies thereof, with the defendant's counsel verifying in writing to the Government that such destruction has taken place.

5.    The defendant's counsel shall provide a copy of this Order to Designated Persons to whom Confidential or Restricted Information is intended to be described or disclosed pursuant to paragraphs 2(f) or 4(d) above, prior to such description or disclosure.  If any such Designated Person does not agree in writing to the provisions of this Order, Confidential or Restricted Information may not be described or disclosed to such Designated Person.  Any Designated Person who receives or reviews Confidential or Restricted Information shall be subject to the terms of this Order.

6.   The Government may de-designate Confidential Information or Restricted Information, in whole or in part, at the request of the defendant or otherwise.  Public filing by the Government of Confidential Information or Restricted Information shall constitute de-designation with respect to only those portions of such material that are publicly-filed, absent a contrary Order of the Court.

7.   The provisions of this Order shall not be construed as preventing the disclosure or use by the defendant or his counsel of any information in any motion, hearing, trial, sentencing, or other proceeding held in this action or to any judge or magistrate of this Court for purposes of defending this action, to the extent that (a) personally identifiable or otherwise sensitive information is redacted in a public filing as required by the rules governing publicly-filed documents in this district and Federal Rule of Criminal Procedure 49.1, and (b) with respect to any document designated as containing Confidential or Restricted Information that the defendant or his counsel intends to file publicly or to specifically describe or excerpt in a public filing, the defendant's counsel must either (i) file the document under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper redaction, if any, of the publicly-filed version of the document. If the parties are unable to reach agreement as to whether

redactions to the public filing are warranted, or the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described or excerpted in a public filing.

8.    The terms of this Order, other than the requirement to comply with Federal Rule of Criminal Procedure 49.1 and the rules governing publicly-filed documents in this district, do not apply to any material or information that is lawfully obtained by the defendant or his counsel independently of the Government's production, even if it is also contained in the Government's production, except that the defendant or his counsel may not publicly identify or disseminate the names or photographs of alleged victims or witnesses in this action absent order of the Court.

9.    Any disputes regarding the designation of Discovery Material as Confidential Information or Restricted Information, or any other dispute concerning this Order, which cannot be resolved among the parties after conferring, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

10.  The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of this action.

Dated:      New York, New York
            September 17 , 2020

                              SO ORDERED:

                              _Naomi Reice Buchwald_ _____
                              THE HONORABLE NAOMI REICE BUCHWALD
                              UNITED STATES DISTRICT JUDGE