UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

                                           **MEMORANDUM AND ORDER**

            - against -

                                          20 Cr. 437 (NRB)

KARIM ELKORANY,

                      Defendant.
-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Karim Elkorany has been indicted on two counts of making false statements, 18 U.S.C. § 1001, and one count of assaulting an internationally protected person, 18 U.S.C. § 112(a).   Presently before the Court is defendant's motion to suppress evidence produced by Facebook, Google LLC and Apple, Inc. (together, the "Target Companies") in response to three separate search warrants.   For the following reasons, defendant's motion is denied.

## BACKGROUND

This case arises out of a years-long investigation conducted by the Federal Bureau of Investigations (the "F.B.I.") of the defendant, who is a former employee of the United Nations (the "U.N.").   The Government alleges that the defendant repeatedly drugged and sexually assaulted, or attempted to sexually assault, multiple women from 2009 to 2019, and then tried to conceal his conduct, in part, by lying to F.B.I. agents

about the drugging and sexual assault of one of the female victims.  In aid of its investigation, the F.B.I. sought and received judicial approval of three search warrants (collectively, the "Search Warrants") which are the subject of defendant's motion.

**1. The Facebook Warrant**

In July of 2017, Magistrate Judge Lena Dunn Wettre of the District of New Jersey issued a warrant authorizing the search of defendant's Facebook Account.  Declaration of Chad L. Edgar, ECF No. 34 ("Edgar Decl."), Ex. E (the "Facebook Warrant").[1]  The Facebook Warrant specified a number of subject offenses including aggravated sexual abuse (18 U.S.C. § 2241), sexual abuse (18 U.S.C. § 2242), kidnapping (18 U.S.C. §1201), assault of an internationally protected person (18 U.S.C. § 112), transportation for criminal sexual activity (18 U.S.C. § 2421), enticement for criminal sexual activity (18 U.S.C. § 2422), and internet stalking  (18 U.S.C. § 2261A).  In support of the Facebook Warrant, F.B.I. Special Agent Jennifer Ranucci submitted an affidavit setting forth the Government's bases to believe that the defendant used his Facebook account in connection with the subject offenses.  Edgar Decl., Ex A (the "Facebook Affidavit").

---

[1]    The documents attached to the Edgar Decl. were filed under seal pursuant to the protective order in this case.

### 2. The Google Warrant

Defendant was arrested on September 2, 2020 and that same day, United States Magistrate Judge James L. Cott of this Court issued a second search warrant authorizing the search of defendant's Google account.  Edgar Decl., Ex. F (the "Google Warrant").  In addition to several of the subject offenses listed in the Facebook Warrant, the Google Warrant added the offense of making false statements to a federal agent.  18 U.S.C. § 1001.  In support of the Google Warrant, F.B.I. Special Agent Elisabeth Granberg submitted an affidavit explaining the bases to conclude that defendant's Google account contained evidence of the subject offenses.  Edgar Decl., Ex. B (the "Google Affidavit").

### 3. The Apple Warrant

While defendant's case was pending, this Court issued a third warrant authorizing the search of Defendant's Apple iCloud Account.  Edgar Decl., Ex. G (the "Apple Warrant").  The Apple Warrant specified the same subject offenses as those listed in the Google Warrant.  In support of the Apple Warrant, Special Agent Granberg again submitted an affidavit explaining the bases to conclude that defendant's iCloud Account contained evidence and/or was used as an instrumentality of the subject offenses. Edgar Decl., Ex. C (the "Apple Affidavit").

\*       \*       \*

On May 20, 2021, defendant filed his motion to suppress evidence obtained through execution of the Search Warrants, arguing that the Search Warrants were not supported by probable cause, that they were not sufficiently particularized as to the items the Government had authority to seize, and that they were overbroad as to the places they allowed the Government to search.   In reply to the Government's opposition, defendant reiterated only one argument from his original memorandum in support of the motion: that the Facebook Warrant was overbroad because it lacked a time frame restricting the search of defendant's Facebook account.

At the outset, we note that, having failed in his supplemental brief to address most of the arguments raised in his initial motion or respond to the Government's challenges to those arguments (other than the aforementioned timing issue with respect to the Facebook Warrant), defendant now appears to have conceded those arguments.   See Wilson v. United States, No. 13 Cr. 0777, 2021 WL 791229, at *2 (S.D.N.Y. Mar. 1, 2021). Nonetheless, the Court has reviewed the Search Warrants and their accompanying affidavits and finds defendant's arguments – waived or otherwise – meritless for the reasons briefly discussed below.

## DISCUSSION

### 1. The Search Warrants Were Supported by Probable Cause.

The Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  While "probable cause is a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules," Illinois v. Gates, 462 U.S. 213, 232 (1983), it is generally understood that "probable cause to search is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.'"  Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (quoting Gates, 462 U.S. at 238).  "Due to this subjective standard, a reviewing court generally accords 'substantial deference to the finding of an issuing judicial officer that probable cause exists,' limiting [the] inquiry to whether the officer 'had a substantial basis' for his determination."  United States v. Raymonda, 780 F.3d 105, 113 (2d Cir. 2015) (quoting United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993)).

Here, each of the Search Warrants were supported by probable cause.  In each of its applications, the Government

provided lengthy and detailed affidavits outlining the evidence the F.B.I. had ascertained against the defendant. The affidavit in support of the Facebook Warrant describes evidence collected from four alleged victims recounting experiences with the defendant involving sexual assault and misconduct. Facebook Affidavit ¶¶ 22-26. It also details how the defendant communicated with his alleged victims through his Facebook account both before and after engaging in non-consensual sexual acts with these victims and, crucially, after several of the victims had made complaints against the defendant to the U.N. See id. ¶¶ 22(e), 24(b), (d), 26. Putting aside the jurisdictional issues defendant raises concerning the Government's ability to prosecute several of the crimes which allegedly took place overseas, the affidavit explains that defendant likely sent a number of these messages from his residence in New Jersey. Id. ¶ 27. Therefore, Judge Wettre had more than a substantial basis to conclude that there was probable cause that defendant committed the act of stalking under 18 U.S.C. § 2261A and that evidence of the crime would likely be found on defendant's Facebook account. Evidence of the underlying assaults would then be relevant to show motive for defendant's stalking of his alleged victims.

Likewise, there was probable cause to search the defendant's Google and iCloud accounts. The Google Affidavit

incorporated by reference the Facebook Affidavit and included details of interview accounts of two additional alleged victims. Google Affidavit ¶¶ 16, 20.  In addition, the Google Affidavit explains that the F.B.I. had reviewed emails from defendant's Google account corroborating the statements of certain of the alleged victims, that the defendant used internet-based communication applications to contact his alleged victims, and that messages from those application may have been saved to defendant's Google account.  Id. ¶¶ 21-22.

The Apple Affidavit also incorporated the Facebook Affidavit and included information provided by an additional alleged victim who was an internationally protected person within the meaning of 18 U.S.C. § 112 at the relevant time periods.  Apple Affidavit ¶ 12.  The Apple Affidavit also explained the bases to conclude that defendant was the user of an iCloud Account and, as with defendant's Google Account, used internet-based communication applications that may have been saved to that iCloud Account.  Id. ¶ 28.

Judge Cott and this Court clearly had a substantial basis to conclude that there was probable cause to issue the Google Warrant and the Apple Warrant.  Each warrant included as a subject offense false statements to federal agents under 18 U.S.C. § 1001, namely, that the defendant had made false statements to F.B.I. agents by denying the allegations made by

certain of the alleged victims.  Given the information collected by the F.B.I., there was ample probable cause to conclude that evidence of the falsity of these statements would be found on defendant's Google and iCloud accounts.

**2. The Search Warrants Were Sufficiently Particularized.**

"To be sufficiently particular under the Fourth Amendment, a warrant must satisfy three requirements. First, 'a warrant must identify the specific offense for which the police have established probable cause.'  Second, 'a warrant must describe the place to be searched.'  Finally, the 'warrant must specify the items to be seized by their relation to designated crimes.'" United States v. Ulbricht, 858 F.3d 71, 99 (2d Cir. 2017) (quoting United States v. Galpin, 720 F.3d 436, 445-46 (2d Cir. 2013)).

Each of the Search Warrants indisputably satisfy the first requirement of identifying the specific offenses for which probable cause has been established.  Likewise, each of the Search Warrants describe the "place" to be searched, i.e. the electronic data associated with defendant's Facebook, Google and iCloud accounts.

Additionally, each of the Search Warrants only allow for the seizure of "evidence, fruits and instrumentalities" of the subject offenses.  They then list specific categories of items relating to the subject offenses to be seized, such as "evidence

regarding attempts, plans, or discussions of internet stalking, assault, sexual assault, kidnapping, or transportation for purposes of criminal sexual activity," Facebook Warrant, Attachment B at 4, "any nude, partially nude, or sexually suggestive photographs of victims, or potential victims, of assault or sexual assault," Google Warrant, Attachment A at 4, and "internet searches relating to the Subject Offenses, including searches concerning victims, or potential victims, or assault or sexual assault . . . and searches concerning evasion of law enforcement detection," Apple Warrant, Attachment A at 4-5.

Defendant protests that the Search Warrants do not adequately particularize the items to be seized and allow for "effectively limitless" seizure.  This cursory objection is meritless however, as each category prescribed by the Search Warrants "links the evidence to the criminal activity supported by probable cause," and therefore, "[t]he agents did not have authority to seize all . . . records or all communications but only those related to the Subject Offenses." United States v. Ray, No. 20 Cr. 110, 2021 WL 2134861, at *18 (S.D.N.Y. May 26, 2021); see also United States v. Pugh, No. 15 Cr. 0116, 2015 WL 9450598, at *22 (E.D.N.Y. Dec. 21, 2015) (citing United States v. Riley, 906 F.2d 841, 844 (2d Cir. 1990)) ("In general, warrants that limit a search to evidence relating to a

particular crime, and which provide a list of examples as a means of limiting the items to be seized, are upheld when confronted with a particularity challenge."); <u>United States v. Lustyik</u>, 57 F. Supp. 3d 213, 227 (S.D.N.Y. 2014) (finding that the challenged warrant met the particularity standard where it "broadly describe[d] the items to be seized as 'evidence, fruits, or instrumentalities' of specified federal crimes, [and] also set[] forth an illustrative list of items to be seized").

**3. The Search Warrants Were Not Overbroad.**

While particularity focuses on whether the warrant provides the necessary guidelines for the search by the executing officers, the requirement that a warrant not be overbroad focuses on whether the government lacked probable cause to search and seize the listed items.   See   <u>United States v. Hernandez</u>, No. 09 Cr. 625, 2010 WL 26544, at *7 (S.D.N.Y. Jan. 6, 2010).  Defendant argues that the Facebook Warrant and Google Warrant[2] were overbroad because they required the Target Companies to "produce all information regarding the accounts." Defendant's objection is misguided however, because "[i]t has long been perfectly appropriate to search the entirety of a premises or object as to which a warrant has issued based on probable cause, for specific evidence as enumerated in the warrant, which is then to be seized."   <u>United States v.</u>

---

[2]     Defendant does not make an overbreadth objection with respect to the Apple Warrant.

10

Ulbricht, Case No. 14 Cr. 68, 2014 WL 5090039, at *14 (S.D.N.Y Oct. 10, 2014).   This principle applies equally to electronic accounts as it does to physical locations.   See e.g., Ray, 2021 WL 2134861, at *25 ("Courts in this Circuit . . . have uniformly held that law enforcement need not rely upon an email host company or any other private party to sift through emails to determine what is relevant and that it may obtain a warrant to request all emails from an account.").   The fact that the warrants provided that the Target Companies turn over virtually all materials from defendant's accounts from which the Government would conduct its review for relevant evidence does not render the warrants overbroad.

Defendant raises a further objection to the Facebook Warrant that merits additional discussion.   Unlike the Google Warrant and Apple Warrant, which direct the target companies to produce materials associated with defendant's accounts from September 2009 to December 2017 and May 2012 to December 2019 respectively, the Facebook Warrant did not limit Facebook's production to a certain time frame.   Defendant's Facebook account was created in 2005, and defendant argues that the Facebook Affidavit cannot justify a finding of probable cause earlier than March of 2012.   See Facebook Affidavit ¶ 25. Still, "[f]or overbreadth and particularity purposes, no controlling authority requires a specific time frame."   United

11

States v. Levy, No. S5 11 Cr. 62, 2013 WL 664712, at *11 (S.D.N.Y. Feb. 25, 2013), aff'd, 803 F.3d 120 (2d Cir. 2015). Courts in this Circuit have reasoned that the absence of a time frame does not render warrants unconstitutionally general where "the crimes under investigation were complex and concerned a long period of time, [and] not simply one or two dates of criminal activity." United States v. Jacobson, 4 F. Supp. 3d 515, 526 (E.D.N.Y. 2014) (citing Hernandez, 2010 WL 26544, at *9; see also United States v. Davis, No. 17 Cr. 615, 2021 WL 826261, at *6 (E.D.N.Y. Mar. 3, 2021). Here, in applying for the Facebook Warrant, the Government submitted evidence of the defendant's pattern of committing multiple druggings and assaults over a number of years. Given this pattern of behavior, the Government need not have limited their search strictly to the date of the first known assault. In any event, defendant has not directed the Court to any specific piece of evidence from before March of 2012 obtained as a result of the Facebook Warrant, and therefore, there is no specific issue before the Court. See Ray, 2021 WL 2134861, at *23; Hernandez, 2010 WL 26544, at *9.

In sum, all the defendant's facial challenges to the Search Warrants are rejected. Each warrant was properly supported and signed in conformity with the requirements of the Fourth Amendment.

## CONCLUSION

For the reasons above, the defendant's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 33.

**SO ORDERED.**

Dated:      New York, New York
            August 17, 2021

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

13