

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 6, 2022

**By ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Karim Elkorany*,
            S2 20 Cr. 437 **(NRB)**

Dear Judge Buchwald:

      The Government respectfully submits this letter in opposition to the defendant's September 3, 2022 letter motion requesting that the Court adjourn sentencing in the above-captioned matter, which is scheduled for September 29, 2022, to a date in late October or early November. ("Def. Ltr." (Dkt. 60)). The defendant's belated request should be denied for multiple reasons, and in particular, the significant victim interests at stake in this case. However, if the Court is inclined to grant an adjournment, sentencing should be adjourned to no later than early October, which would accommodate both the vacation schedule of one of the defendant's multiple counsel and provide sufficient time for the defendant's newly retained sentencing mitigation expert to submit a report, which is the sole basis for the defendant's request.

    I.    Background

      As the Court is aware, this case arises from a years-long investigation conducted by the Federal Bureau of Investigation ("FBI") into the defendant, a former employee of the United Nations, who repeatedly drugged and sexually assaulted, or attempted to sexually assault, multiple women over at least a decade, and then tried to conceal his conduct through, among other things, lying to FBI agents about the drugging and sexual assault of a particular victim ("Victim-1"). On August 27, 2020, the grand jury returned a two-count indictment charging the defendant with two counts of making false statements to FBI agents, in violation of 18 U.S.C. § 1001. On September 2, 2020, the defendant was arrested. On October 22, 2020, the grand jury returned a three-count superseding indictment charging the defendant with two counts of making false statements to FBI agents, in violation of 18 U.S.C. § 1001 (Counts One and Two), and one count of assaulting an internationally protected person ("Victim-2"), in violation of 18 U.S.C. § 112 (Count Three).

      Approximately one year and eight months after his arrest, on May 24, 2022, the defendant pled guilty to Counts One and Three pursuant to a written plea agreement. In the plea agreement,

the defendant admitted to sexually assaulting thirteen victims (including both Victim-1 and Victim-2) and drugging six additional victims. At the time of the defendant's guilty plea, the Court scheduled the sentencing, without objection, for September 29, 2022.

Now, more than three months later, and only weeks from sentencing, the defendant asks the Court to adjourn sentencing to a date in late October or early November to "make full use of an expert in his defense at sentencing." (Deft. Ltr. 2).

II.    Discussion

Considering all of the facts and circumstances of this case, the number of victims, the time the case has been pending, the Government's prior conversations with victims and their representatives, and the planning involved for victims to attend and/or speak at the sentencing, sentencing should proceed as scheduled on September 29, 2022.

The Government has separately conferred with each Victim-1 and Victim-2 about the defendant's request to adjourn sentencing. Both oppose an adjournment.

Victim-1—who intends both to attend and to speak at sentencing— [1] The defendant's suggestion that Victim-1 could instead submit a "video of her statement to be played at the sentencing" (Def. Ltr. 2) is a woefully inadequate substitute. *See generally* Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(4) (a victim has the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding").

Victim-2—who also intends both to attend and to speak at sentencing—has described to the Government the emotional cost of any adjournment, explaining that she mentally prepares for all court dates in this case and is hopeful that the sentencing will give her some relief from constantly thinking about the case.

The Government has not yet had an opportunity to confer with the many other victims in this case about their positions on an adjournment, but based on past conversations, the Government expects that they too would oppose an adjournment of a material length, as the defendant seeks.

---

[1] As this letter sets forth certain sensitive personal and medical details concerning Victim-1, the Government has filed a redacted version of this letter publicly, and requests that the original unredacted letter be filed under seal. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (individual privacy interests are a "venerable common law exception to the presumption of access" to judicial documents); *see also* Southern District of New York ECF Privacy Policy (parties should "exercise caution" when filing documents containing medical information), *available at* https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

The defendant's proffered reason for a lengthy adjournment—to "make full use of an expert in his defense at sentencing" (Def. Ltr. 2)—does not entitle him to what he belatedly seeks. As an initial matter, there is no entitlement to submit a sentencing mitigation report at sentencing. Indeed, most defendants are sentenced without such reports. Nor does the defendant explain why a so-called expert report is purportedly needed in this case.[2]

Moreover, the defendant's sentencing has been scheduled to take place on September 29 since May 24, yet, as the defendant acknowledges, his expert is only meeting with the defendant *on September 21*—only eight days before the sentencing date. (Def. Ltr. 1). Victims should not suffer as a result of the defendant's delay. *See* 18 U.S.C. § 3771(a)(7) (victims have the "right to proceedings free from unreasonable delay"). Nor should the public. *See generally United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied'").

For the foregoing reasons, the Court should deny the defendant's request. However, if the Court is inclined to grant an adjournment, the Court should adjourn sentencing to a date before October 6 (other than October 5, which is Yom Kippur). Such an adjournment would both accommodate the vacation schedule of one of the defendant's counsel, who has represented that she is unavailable October 6 to 22, and provide sufficient time for the defendant's retained expert to submit a report in advance of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     s/ Lara Pomerantz
         Amanda L. Houle / Lara Pomerantz
         Daniel C. Richenthal / Robert B. Sobelman
         Assistant United States Attorneys
         (212) 637-2194/2343/2109/2616

cc:     (by ECF)

        Counsel of Record

---

[2] The defendant suggests that a report is appropriate because the Government may seek an "upward departure," including to the statutory maximum (which is fifteen years, not twenty years as the defendant incorrectly states). (Def. Ltr. 2). However, although the Government is not permitted under the plea agreement to seek a departure, it may choose to advocate for a variance, just as the defendant may—but that is true in nearly every case in this district, yet a sentencing mitigation report is comparatively uncommon, particularly in a case, such as this, where the conduct is easily understood. Nor does the defendant say what the report in this case will contain or offer any facts on which the Court could determine that a report would be of assistance to it, much less that several weeks are needed for the report to be drafted and submitted.