UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

THE UNITED STATES OF AMERICA,

      - against -

KARIM ELKORANY,

              Defendant.

-------------------------------X

**MEMORANDUM AND ORDER**

20 Cr. 437 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Presently before the Court is defendant Karim Elkorany's ("Elkorany" or "defendant") motion to correct the written judgment of his sentence and remove a mandatory condition of his supervised release. See ECF No. 121. Victim 2 opposes defendant's motion.[1] The contested condition mandates that the defendant "comply with the requirements of the Sex Offender Registration and Notification Act ['SORNA'][2] . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [the defendant] reside[s], work[s], [is] a

---

[1] On September 12, 2024, defendant filed this motion. ECF No. 121. On September 13, 2024, one of defendant's victims, Victim 2, requested that the Court permit Victim 2 to file a letter in opposition, ECF No. 122, which the Court granted, ECF No. 123. On September 20, 2024, Victim 2 opposed defendant's motion. ECF No. 124 ("Opp."). On September 22, 2024, defendant requested that the Court permit him to file a letter in reply to Victim 2's opposition, ECF No. 125, which the Court granted, ECF No. 126. On October 14, 2024, defendant filed his reply. ECF No. 127 ("Reply"). The Government did not file an objection to the defendant's motion.

[2] SORNA, 34 U.S. Code § 20901, requires the registration of individuals convicted of a sex offense, see 34 U.S. Code § 20911.

student, or w[as] convicted of a qualifying offense." ECF No. 115 at 3. For the following reasons, defendant's motion is granted.

## BACKGROUND

On May 24, 2022, Mr. Elkorany pled guilty to two counts. ECF Nos. 56-57. First, he pled guilty to making false statements to federal agents, in violation of 18 U.S.C. § 1001, for lying to FBI agents about the drugging and sexual assault of a particular victim ("Victim 1"). ECF Nos. 56-57. Second, he pled guilty to assaulting an internationally protected person ("Victim 2"), in violation of 18 U.S.C. § 112(a). ECF Nos. 56-57. In addition, Elkorany admitted in his written plea agreement to drugging and/or sexually assaulting at least nineteen victims while working abroad at the United States Department of State and the United Nations.

On October 28, 2022, this Court sentenced Elkorany to fifteen years' imprisonment to be followed by three years' supervised release. See ECF Nos. 74, 115.[3] At the sentencing hearing, the Court "impose[d] all the mandatory standards and special conditions, which are set out" at pages 38 through 42 of the Presentence Report ("PSR"). ECF No. 78 ("Sent. Tr.") at 81:8-11. The conditions of supervised release proposed by the Probation Office did not include compliance with SORNA. See PSR, ECF No.

---

[3] The Second Circuit affirmed the reasonableness of Elkorany's sentence in a summary order issued on April 4, 2024. See United States v. Elkorany, No. 22-2944, 2024 WL 1458664 (2d Cir. Apr. 4, 2024).

62, at 38-42.  The Court did not impose any additional conditions at the sentencing.  See Sent. Tr. at 81:8-11.

On November 8, 2022, the Court entered the Judgment of Conviction.  ECF No. 74.  This written judgment included a mandatory condition that Mr. Elkorany "comply with the requirements of" SORNA "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [the defendant] reside[s], work[s], [is] a student, or w[as] convicted of a qualifying offense."  ECF No. 74 at 3; see also ECF No. 115 (Amended Judgment) at 3 (same).

In the instant motion, defendant seeks to remove the condition that he comply with SORNA as part of his supervised release because the condition does not conform to the oral pronouncement of his sentence and his offenses are not qualifying offenses under SORNA. See ECF Nos. 121, 127.

## DISCUSSION

Where a court's oral pronouncement conflicts with the written sentence, the oral pronouncement controls.  See, e.g., United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004); United States v. Lansing, 71 F. App'x 84, 87 (2d Cir. 2003) (vacating and remanding a judgment of conviction where the court did not include a specific directive to include the necessary language in the judgment).

Accordingly, the Court must amend Mr. Elkorany's written sentence to conform to the oral pronouncement of his sentence. There were no additional conditions imposed at the sentencing hearing, see Sent. Tr. 81-82; PSR at 38-42, thereby creating a conflict with Mr. Elkorany's written sentence. Moreover, despite the defendant's admitted conduct,[4] neither of the defendant's two offenses, 18 U.S.C. § 1001 and 18 U.S.C. § 112(a), constitute qualifying offenses under SORNA. See 34 U.S. Code § 20911. And, while Rule 36 of the Federal Rules of Criminal Procedure "permits the correction of typographical errors," Marmolejos v. United States, 789 F.3d 66, 71 (2d Cir. 2015) (collecting cases), a district court is not permitted to amend the defendant's judgment "to effectuate its unexpressed intentions at the time of sentencing," United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995).

Finally, the Court reminds the defendant that this ruling does not, in any way, affect other conditions of his supervised release. In particular, the first mandatory condition, that the defendant "not commit another federal, state or local crime," remains mandatory. ECF No. 115 at 3; see also 18 U.S. Code § 3583(d) ("The court shall order, as an explicit condition of

---

[4]   As part of his plea agreement, Elkorany admitted to drugging and sexually assaulting at least thirteen unsuspecting women – some on multiple occasions – over the span of seventeen years. The defendant also admitted to drugging six other women.

supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision[.]"). Additionally, as Victim 2's opposition states, because some states take a circumstance-specific approach to determine what conduct triggers a state registration requirement, it is possible that the defendant will be required to register under a state sex offender registration statute depending on where he resides or works following his term of incarceration. Opp. at 2; <u>see also</u> Reply at 3 ("Each state has their own sex offender registration statutes.").

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to correct the written judgment and remove the mandatory condition that he comply with SORNA is granted.  The Clerk of Court is respectfully directed to close the motion pending at ECF No. 121.

DATED:     November 19, 2024
           New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE